## Melletz to the use, Etc., *v.* Kavitsky & Kavitsky, Appellants.

*Judgments—Rule to strike off—Ejectment—Amicable action—Signature.*

The validity of a signature, in the first instance, is to be determined by the party required by law to interpret it.

Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record, where they have jurisdiction of the subject-matter, and the parties, and the appellate courts will not presume anything against the validity of a judgment.

A judgment entered in conformity to the rules of court, upon a general warrant of attorney, will not be stricken off because signatures are in Jewish characters, where it appears that the court below, after personal inspection of the record, held the signatures to be genuine and authentic.

Argued October 14, 1921. Appeal, No. 186, Oct. T., 1921, by defendants, from order of C. P. No. 1, Phila. Co., March T., 1921, No. 8355, discharging rule to strike off judgment in the case of S. Melletz, to the use of Harris Silverman, to use of Annie Levin, v. David Kavitsky and Morris Kavitsky. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

204, (1922).] Statement of Facts—Opinion of the Court.

Amicable action in ejectment. Before SHOEMAKER, J.
Rule to strike off judgment.

The facts are stated in the opinion of the Superior
Court.

The court discharged the rule. Defendants appealed.

*Error assigned* was the order of the court.

*Joseph Gross,* and with him *Harry Balis,* for appel-
lants.—The court will not presume anything in favor of
a forfeiture: Pittsburgh, etc., R. R. Co. v. Altoona, etc.,
R. R. Co., 196 Pa. 452; Aye v. Philadelphia Co., 193 Pa.
451; Wick v. Bredin, 189 Pa. 83.

Every possible doubt will be resolved in favor of the
lessee: Statler v. North Branch Co., 258 Pa. 299; Bron-
isz v. Ciencewski, 68 Pa. Superior Ct. 524; Homet v.
Singer, 35 Pa. Superior Ct. 491.

*J. Maurice Gray,* and with him *Samuel W. Salus,* for
appellee.—The court on appeal will not presume any-
thing against the validity of a judgment: Bradley v.
Flowers, 4 Yeates 436.

Every reasonable intendment is to be made in favor of
the regularity of the proceedings of courts of record,
where they have jurisdiction of the subject-matter and
the parties: Quinn's License, 11 Pa. Superior Ct. 554;
Miller's Application, 8 Pa. Superior Ct. 224.

OPINION BY ORLADY, P. J., March 3, 1922:

An amicable action in ejectment was entered, and
judgment confessed on a lease providing for forfeitures
upon defined contingencies. The defendants secured a
rule to strike off the judgment on the ground that it was
not self-sustaining. After a hearing the rule was dis-
charged, from which order this appeal is taken. No
opinion was filed.

In the petition to strike off the judgment, only record
irregularities are suggested, and no defense on the

merits of the case is indicated, so that the court is limited to an inspection of the record to determine the validity of the appeal. The principal reason urged for striking off the judgment is that the lease on which the judgment is founded does not show that it was executed by Morris Kavitsky, one of the defendants. The record does show, that the judgment was entered in an amicable action on a printed lease between Sarah Melletz and David and Morris Kavitsky, for premises 1210 South Street, for the term of three years, from May 11, 1908, at a monthly rental. The default alleged was,—"upon the termination of the lease the defendant failed to vacate the premises of which they are still in possession after due notice in writing of the termination of the term of said lease and notice in writing to vacate the said premises, at the end thereof had been given them, as appears by affidavit attached." The judgment was entered May, 1921, on a general warrant of attorney, reciting the necessary facts with an averment "all the above facts, the above plaintiff declares and avers to be true"; one important fact being the genuineness of the signatures of the lessees. The attorneys signing the amicable confession are in good standing in the court below and in this court. The signatures of David and Morris Kavitsky are in Jewish characters. It is not suggested that these signatures were not intelligible to the prothonotary in the court below or the judge who refused to strike off the judgment. The validity of a signature in the first instance, is to be determined by the party required by law to interpret it. That such a signature is not clearly legible to others is not material.

After a personal inspection of the record by the court below it was held that the signature was genuine and authentic. Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record, where they have jurisdiction of the subject-matter and the parties, and the appellate courts will not presume anything against the validity of a judgment. The

judgment by confession by an attorney-at-law in this case, conforms to the rules of court. The signatures were held, upon inspection, by the court below to be valid, genuine, intelligible signatures of the lessees, and we accept its translation as correct. The record itself shows, in at least three distinct places, that the lease was intended to be signed by the defendants, and the subsequent action of the parties thereunder was in affirmance of the lease. Having acted under it and received the advantages of it, they have failed in their proof to show that it did not exist.

The judgment is affirmed.